# AFFIDAVIT IN SUPPORT OF APPLICATION FOR ISSUANCE OF A CRIMINAL COMPLAINT

I, Christi M. Pickett, being first duly sworn state:

## EXPERIENCE AND TRAINING OF AFFIANT

1. Since May 2014, I have been a Special Agent with the Naval Criminal Investigative Service (NCIS) and assigned to the Norfolk Field Office. NCIS is the investigative arm of the United States Department of the Navy. At NCIS, I am responsible for investigating federal crimes, including crimes against persons, crimes against property, and any other crimes related to the United States Department of the Navy. As part of my duties as an NCIS agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have attended and successfully completed the Federal Law Enforcement Training Center (FLETC) Criminal Investigator Training Program (CITP), the NCIS Special Agent Basic Training Program (SABTP), the NCIS Advanced Adult Sexual Assault Investigations Training Program (AASAITP), and the NCIS Advanced Family and Sexual Violence Training Program (AFSVTP).

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

## PERSON TO BE ARRESTED

3. This affidavit is being made in support of an application for an arrest warrant for **GREGORY KYLE SEERDEN** for one count of production of child pornography and one count of

possessing child pornography, in violation of Title 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(A), respectively.

4. Your affiant has assisted in the investigation of the offenses described in this affidavit. As a result of your affiant's participation in this investigation and a review of reports made by other law enforcement officers, your affiant is familiar with the circumstances of this on-going investigation. I have not included each and every fact known to me in this affidavit, but only the facts I believe are necessary to establish probable cause to believe **GREGORY KYLE SEERDEN** committed violations of Title 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(A).

## **STATUTORY AUTHORITY**

5. Title 18 U.S.C. § 2252A(5)(A) prohibits a person regarding certain activities relating to child pornography. Title 18 U.S.C. § 2252A(5)(A) states in pertinent part:

>    a. Any person who, in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the United States Government...knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography... shall be punished.

6. Title 18 U.S.C. § 2251 prohibits a person regarding certain activities relating to material constituting or containing child pornography. Title 18, United States Code, Section 2251(a) states in pertinent part:

>    a. Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce....with the intent that such

minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct..... shall be punished.

## BACKGROUND OF THE INVESTIGATION

7. On 27Jan17, NCIS received a report from JANE DOE, an adult woman, stating she was sexually assaulted by **GREGORY KYLE SEERDEN,** an active duty member of the United States Navy, in his hotel room aboard Joint Expeditionary Base Little Creek-Ft. Story (JEBLCFS) on the morning of 27Jan17 in Virginia Beach, Virginia. On 27Jan17, JANE DOE was interviewed and relayed she had gone out with **GREGORY KYLE SEERDEN** on 26Jan17 and consumed alcoholic beverages. Later in the evening, JANE DOE indicated she began to black out and lose memory of the events of the night. JANE DOE remembered being in the hotel room of **GREGORY KYLE SEERDEN** and **GREGORY KYLE SEERDEN** being on top of her. JANE DOE also recalled telling **GREGORY KYLE SEERDEN** to stop. JANE DOE is unable to recall any additional details related to the sexual assault. At approximately 0400 hours, JANE DOE woke up and **GREGORY KYLE SEERDEN** relayed to her that they engaged in sexual intercourse. **GREGORY KYLE SEERDEN** and JANE DOE then left the hotel and **GREGORY KYLE SEERDEN** dropped JANE DOE off outside of JEBLCFS Gate 5, where she subsequently reported the sexual assault to the gate sentry. On 27Jan17, a monitored communication was conducted between JANE DOE and **GREGORY KYLE SEERDEN** wherein **GREGORY KYLE SEERDEN** again stated they had sexual intercourse and disclosed he was aware JANE DOE was not sober the previous night.

8. During this time period, **SEERDEN** was on temporary duty at JEBLCFS from his permanent duty station in San Diego, California.

9. On 27Jan17, NCIS received a Command Authorization for Search and Seizure (CASS) from the **SEERDEN's** Commanding Officer, SEAL Team ONE, San Diego, California, for the cellular telephone of **GREGORY KYLE SEERDEN**, which is an iPhone 7, to identify potential evidence related to the sexual assault. The iPhone 7 was located on SEERDEN's person when he was interviewed on JEBLCFS. The CASS listed the search parameters to include text messages, photographs, videos, phone logs, contacts, and any other information related to the alleged crime. **GREGORY KYLE SEERDEN** was notified of the CASS and the cellular telephone of **GREGORY KYLE SEERDEN** was subsequently seized and placed into the NCIS Norfolk Field Office evidence repository.

10. JEBLCFS is within special maritime and territorial jurisdiction of the United States.

11. The cellular phone was manufactured outside of the Commonwealth of Virginia.

12. On 03Feb17, a NCIS Digital Forensic Examiner began the forensic extraction of **GREGORY KYLE SEERDEN's** cellular telephone. On 07Feb17, the NCIS Digital Forensic Examiner began to analyze the data recovered from the forensic extraction of **GREGORY KYLE SEERDEN** cellular telephone. While conducting normal analysis, the examiner extracted photographs that were stored on the cellular telephone of **GREGORY KYLE SEERDEN**. Once the photograph tab of the extraction software was selected, thumbnail sized icons of images were displayed on the computer screen of the examiner. Included in the initial images viewed on the first page of the extraction were images that the Examiner, based on his training and experience, suspected were child pornography. The Examiner then identified the file location of the images and notified the NCIS Case Agent of the finding of suspected child pornography.

13. Specifically, the Examiner saw images of prepubescent children that were naked and engaged in sexual acts, specifically oral sex. In addition, the Examiner also indicated the some of

the children had their legs splayed open to expose their genitals, which were naked. The examiner also viewed an image of a small child in underwear beside a male with an erect penis exposed. The child nor the male's faces were in the photograph. The Examiner also indicated he viewed images that could possibly be linked to bestiality. The Examiner did not further analyze the images in the absences of additional authorization.

14. The NCIS Digital Forensic Examiner has over 14 years of experience working forensics related to child pornography investigations. The Examiner has attended the Crimes Against Children Conference where he participated in training sessions related to identifying child pornography. The Examiner has testified as an Expert Witness in nine (9) child pornography investigations and has worked on approximately 400 cases involving child exploitation and child abuse throughout his career.

15. On 20Mar17, United States Magistrate Judge Robert Krask of the United States District Court for the Eastern District of Virginia, Norfolk Division, authorized a search warrant of **GREGORY KYLE SEERDEN's** cellular telephone, an IPhone 7, model number A1660, permitting the search of the phone for evidence related to child pornography, that is, violations of 18 U.S.C. §§ 2252(a)(1), (2), and (4).

16. On 31Mar17, your affiant received information from the same NCIS Digital Forensic Examiner that, pursuant to the search authorized, approximately 78 images were found of suspected child pornography. The images depicted prepubescent males and females. Multiple images depicted prepubescent children engaged in sexual activity to include giving and receiving oral sex, and sexual intercourse. Some images depicted object penetration of prepubescent children and bondage of children. One image included a naked female child beside an aroused

dog. In the Examiner's experience, these images were similar to those typically found on electronic media used by child pornography collectors using the Internet to collect their images.

17. Apart from the images described in paragraph 16 and of particular interest were four videos and one photograph found on **GREGORY KYLE SEERDEN**'s cellular telephone that appear to be created by the user of the cell phone. These videos and photograph contain metadata evidence indicating their creation on or about January 1, 2017 and January 2, 2017. These files depicted a white male masturbating beside an unknown sleeping minor female child (victim), who appears to be 5 or 6 years old. The videos also depict the male using the victim's hand to rub his erect penis and the male placing his penis on the lips of the victim and continuing to masturbate until he ejaculates onto a napkin placed on the bed under his penis. The victim is observed wearing a pink top with a green band around the neckline and clear/white earrings. Also observed in the videos is a pink and white blanket and grey sheets on a bed. In two of the videos, the male masturbating has on a light blue shirt. The photograph depicts what appears to be the same victim in white underwear with pink/red designs beside a male with an exposed erect penis. The face of the adult male is not visible in any of these videos or picture.

18. Separate photographs time-stamped earlier in the evening on the same date show a photograph of **GREGORY KYLE SEERDEN** sitting on a bed with two unknown minor females and two unknown minor males. **GREGORY KYLE SEERDEN** is observed wearing a blue shirt with black in color pants. One of the unknown minor females is observed in a pink top with a green band around the neckline, white underwear with pink/red designs, and clear/white in color earrings. Also observed in the photograph is a pink and white blanket and gray sheets. **GREGORY KYLE SEERDEN** is reading the children a book. Comparison of the female in the videos and one of the unknown minor females in this photograph indicate that the child in the

photograph and in the videos is the same child. Reviewing other pictures in **GREGORY KYLE SEERDEN's** telephone indicates the unknown minor female child is ▇▇▇▇▇ **GREGORY KYLE SEERDEN.**

19. Metadata associated with the videos and photograph described in paragraphs 15 and 16 indicate that they were created or modified with an iPhone 7, and that they were created or modified on January 1, 2017, and January 2, 2017.

20. A review of a Facebook account of a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ including **GREGORY KYLE SEERDEN**, posted on January 4, 2017. The caption associated with the photo states "enjoyed an awesome weekend with my ▇▇▇." It is the affiant's belief that this photo refers to the weekend prior to January 4, 2017, or the weekend of December 31, 2016.

21. ▇▇▇▇▇▇▇▇▇▇y live outside the Commonwealth of Virginia.

## CONCLUSION

22. Based on the information and evidence set forth above, I respectfully submit that there is probable cause to believe that: COUNT ONE: **GREGORY KYLE SEERDEN**, from on or about January 1, 2017, to January 2, 2017, in the Eastern District of Virginia and elsewhere, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and such visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and **GREGORY KYLE SEERDEN** knew and had reason to know that such visual depiction would be, and later was, transported by him in interstate commerce from outside of Virginia into the Eastern District of Virginia, in violation of 18 U.S.C. § 2251(a); and COUNT TWO: on or about January 27, 2017, **GREGORY KYLE SEERDEN**,

while in the maritime or special territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the United States Government, namely Joint Expeditionary Base Little Creek-Ft. Story, knowingly possessed material, that is an iPhone7, that contained images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(A).

23. Accordingly, I request that a complaint and warrant be issued authorizing the arrest of **GREGORY KYLE SEERDEN** for violations of Title 18 U.S.C. §§ 18 U.S.C. § 2251(a) and 2252A(a)(5)(A), respectively.

FURTHER YOUR AFFIANT SAYETH NOT.

                                    Christi M. Pickett
                                    Special Agent
                                    Naval Criminal Investigative Service

Sworn to before me this _____ day of March, 2017.

United States Magistrate Judge
Eastern District of Virginia